# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTELL CHARROD WILLIAMS, | ) | NO. ED CV 11–0509 DOC (FMO) |
| Petitioner, | ) | |
| v. | ) | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| M.D. MCDONALD, Warden, | ) | |
| Respondent | ) | |

## INTRODUCTION

On March 31, 2011, petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). On May 20, 2011, respondent filed a Return to the Petition and accompanying Memorandum of Points and Authorities, and petitioner filed a Reply to the Return ("Reply") on September 21, 2011.

On June 19, 2012, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition be denied with prejudice. On July 27, 2012, petitioner filed Objections to the R&R ("Objections").

## DISCUSSION

In his Objections, petitioner objects to the Magistrate Judge's finding that "petitioner cannot demonstrate his trial counsel was ineffective since petitioner has not identified any exculpatory evidence that his trial counsel failed to present." (R&R at 23). Petitioner claims that he filed a

habeas corpus petition in the Riverside County Superior Court raising his ineffective assistance of trial counsel claim and, in that petition, he alleged his trial counsel was ineffective in not impeaching victim Joseph Drake with his prior testimony in a separate case. (<u>See</u> Objections at 10-16). He now asserts that this state court petition provides the factual basis for his ineffective assistance of counsel claim, (<u>id.</u>), and has attached to his Objections a copy of his purported state court petition[1] as well as the Riverside County Superior Court's May 7, 2010, Order denying the Petition.[2] (<u>See</u> Objections, Exhs. A & B).

      Petitioner contention does not warrant rejecting the R&R. First, the R&R correctly concludes that petitioner's claim, as he presented it, is conclusory, since it alleged only that petitioner's trial counsel failed to present unidentified "exculpatory evidence" in petitioner's defense. <u>See</u> <u>Sandgathe v. Maass</u>, 314 F.3d 371, 379 (9th Cir. 2002) (affirming denial of ineffective assistance of counsel claim when petitioner presented no evidence in support of claim); <u>Jones v. Gomez</u>, 66 F.3d 199, 205 (9th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1143 (1996) (Petitioner's "conclusory suggestion[] that his trial . . . counsel provided ineffective assistance fall[s] far short of stating a valid claim of constitutional violation."). Nowhere in either the Petition or the Reply does petitioner claim that his trial counsel was ineffective in not properly impeaching Joseph Drake or any other witness, (<u>see</u> Petition at 1-8; Reply at 1-6), and the Court cannot be expected to scour the lodged documents and state court record for petitioner in search of potential issues. <u>See</u> <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants.") (italics in original); <u>Greenwood v. Fed. Aviation Admin.</u>, 28 F.3d 971, 977 (9th Cir. 1994) ("'[J]udges are not like pigs, hunting for truffles buried

---

[1] The habeas corpus petition to the Superior Court is not file stamped or otherwise properly authenticated. (<u>See</u> Objections, Exh. A); <u>see</u> <u>also</u> Fed. R. Evid. 901-02. Nevertheless, for purposes of this discussion, the Court will assume that it is what petitioner represents it to be.

[2] Neither petitioner nor respondent provided the Magistrate Judge with a copy of petitioner's habeas petition to the Riverside County Superior Court, or the Superior Court's denial of that petition. Indeed, in his federal habeas corpus petition, petitioner identified his habeas petition to the California Supreme Court as the only state habeas corpus petition he had filed. (<u>See</u> Petition at 4). Similarly, the only state habeas corpus petition from petitioner that respondent lodged was petitioner's habeas corpus petition to the California Supreme Court. (<u>See</u> Docket No. 8).

in briefs.'" (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)); Perez v. Kirkland, 2008 WL 3049856, at *12 n.8 (C.D. Cal. 2008) (declining "Petitioner's invitation to augment the claims set forth in the Petition and Traverse via an undirected search through hundreds of pages of state court filings.").

Moreover, petitioner did not exhaust his ineffective assistance of counsel claim, as newly formulated, before the California Supreme Court, (see Lodgment Nos. 7-8), and, in any event, the claim is without merit. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Defense counsel for petitioner and his co-defendants extensively impeached Drake, (see Reporter's Transcript ("RT") at 370-413, 501-602 & 626-670), and, as petitioner's defense counsel explained in responding to petitioner's request to relieve him as counsel, he made a reasonable tactical decision not to impeach Drake since Drake had been extensively impeached and the issue in question "wouldn't cut much more hay" because the prosecution would have then gone "into the facts of the [other] case and how [the defendants in that case] knew [petitioner]." (Id. at 2637-44 (attached as Exhibit E to petitioner's Objections)); see Strickland v. Washington, 466 U.S. 668, 689-90, 104 S.Ct. 2052, 2065-66 (1984); see also Leavitt v. Arave, 646 F.3d 605, 611 (9th Cir. 2011), cert. denied, 132 S.Ct. 2379 (2012) (Petitioner's "disagreement with counsel's decision did not render it unreasonable."); Hensley v. Crist, 67 F.3d 181, 185 (9th Cir. 1995) ("Tactical decisions that are not objectively unreasonable do not constitute ineffective assistance of counsel.").

Petitioner's remaining objections are without merit and do not warrant further comment.

## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation ("Objections"). Having made a de novo determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1       1.      Judgment shall be entered dismissing the action with prejudice.

2       2.      The Clerk shall serve copies of this Order and the Judgment herein on the parties.

4   DATED: August 9, 2012.

*/s/ David O. Carter*
_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

4